UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-491-MOC

| | |
|---|---|
| APRIL BROWN, | ) |
| Plaintiff, pro se, | ) |
| vs. | ) |
| | ) **ORDER** |
| LISA BURNS, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 7). Having considered the motion and reviewed the pleadings, the Court **GRANTS** the motion and **DISMISSES** this action without prejudice.

## I. BACKGROUND

Pro se Plaintiff April Brown filed this action on September 17, 2021, naming as the sole Defendant Lisa Burns, Senior Human Resources Manager for Mecklenburg County, alleging that Defendant refused to make reasonable accommodations in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Doc. Nos. 1, 2). Plaintiff also brings a retaliation claim. Plaintiff did not name her former employer Mecklenburg County as a Defendant. Plaintiff seeks compensatory and punitive damages totaling $4,408,000. (Id.).

On October 14, 2021, Defendant filed the pending motion to dismiss Plaintiff's complaint for failure to state a claim and for insufficient service of process. Plaintiff filed a Response to the motion to dismiss on October 29, 2021, and Defendant filed a Reply on November 4, 2021.

-1-

Case 3:21-cv-00491-MOC-DCK   Document 12   Filed 12/07/21   Page 1 of 3

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.) (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Id.). However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. (Id. at 679).

## III. DISCUSSION

Plaintiff's claims against Defendant Burns must be dismissed because there is no individual liability under the ADA.[1] See Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) ("Title VII, the ADA, and the ADEA . . . do not provide for causes of action against defendants in their individual capacities."); Silk v. City of Chicago, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (ADA, no individual liability of supervisor for retaliation); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) (same). For this reason alone, the Court dismisses this action.[2] The dismissal will be without prejudice, however, to Plaintiff to refile her lawsuit against the proper Defendant, her former employer Mecklenburg County.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, (Doc. No. 7) is **GRANTED**. The dismissal will be **without prejudice** to Plaintiff to refile this action against the proper Defendant (her former employer Mecklenburg County).

Signed: December 7, 2021



Max O. Cogburn Jr
United States District Judge

---

[1] Defendant also contends that Plaintiff did not exhaust her administrative remedies with the EEOC before filing this action against Defendant. The Court does not address this additional argument.

[2] In any event, as Defendant notes, Plaintiff did not properly serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.